**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 14-20019-01-KHV |
| CHRYSTAL M. RIPPEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 26, 2015, the Court sentenced defendant to 60 months in prison.  This matter is before the Court on defendant's pro se Motion For Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming (Doc. #95) filed October 19, 2015.  Defendant asks the Court to reduce her sentence based on post-sentencing rehabilitation.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48.  None of these exceptions apply here.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes resentencing to reflect defendant's

substantial assistance on motion of government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming (Doc. #95) filed October 19, 2015 be and hereby is **OVERRULED**.

Dated this 30th day of October, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant cites Pepper v. United States, 131 S. Ct. 1229 (2011), but Pepper does not expand the Court's authority to resentence a defendant. Pepper merely permits the Court to consider post-sentencing rehabilitation if and when re-sentencing is otherwise authorized. 131 S. Ct. at 1249.

Defendant also cites 18 U.S.C. § 3742(e), which grants a court of appeals authority to review a sentence. The Court assumes that defendant intended to cite Section 3742(g), which grants a district court authority to correct a sentence on remand from a court of appeals. Section 3742, however, is not an independent jurisdictional basis for the district court to review a final sentence. See United States v. Leonard, 120 F. App'x 759, 760 (10th Cir. 2005).